# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
v. ) ID No. 2306008339
)
RICHARD BARNETT, )
)
Defendant. )

## ORDER

1. On this 3rd day of January, 2024, upon consideration of Defendant Richard Barnett's ("Defendant") *pro se* Motion for Sentence Reduction (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure 35(b),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2. On July 28, 2023, Defendant pled guilty to two counts of Burglary in the Third Degree (Class F Non-Violent Felony).[2]

3. On August 8, 2023, this Court sentenced him to three years of Level V supervision, suspended after successful completion of Level V supervision at the discretion of the Delaware Department of Correction ("DOC"), followed by one year of Level III supervision. This sentence includes a condition that requires Defendant

---

[1] D.I. 5. Defendant does not specifically cite to Rule 35(b) in the Motion, but he asks this Court to reduce the levels of confinement of his sentence.
[2] D.I. 3.

to be assessed by the DOC and to successfully complete any treatment or programming that the DOC recommends.[3]

4. On October 4, 2023, Defendant filed the instant Motion, in which he asks this Court to modify his sentence to six months of Level V supervision, followed by three months of Level IV supervision at a residential inpatient treatment facility, followed by one year of Level III supervision.[4]

5. Defendant states that the DOC recommended that he complete the Road to Recovery treatment program but that he has had no opportunity to begin the program due to the waiting list of participants. Accordingly, he requests to spend three months of his Level V sentence in Level IV inpatient care instead, for more individualized attention.[5]

6. Rule 35(b) provides that the Court can "reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." A timely, non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[6] Defendant's Motion was made less than ninety days after Defendant was sentenced on August 8,

---

[3] D.I. 4. Defendant states that the Court sentenced him to "3 years of Level 5, suspended after successful completion of Level 5 Road to Recovery program at D.O.C. discretion followed by 12 months Level 3 probation with GPS." D.I. 5. While this description resembles the sentence request of the State and Defendant in the plea agreement, it does not match the Court's August 8, 2023 sentence order. D.I.s 3, 4.

[4] D.I. 5.

[5] *Id.*

[6] *State v. Panaro*, 2022 WL 4362929, at *1 (Del. Super. Sept. 20, 2022) (quoting *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002)).

2023, and is his first motion to reduce that sentence, so it is timely and non-repetitive. With the procedural requirements satisfied, Defendant bears the burden to establish just cause for sentence reduction.[7] The Court has "broad discretion to decide if it should alter its judgment."[8]

7.  When the Court imposed Defendant's sentence, it gave the DOC discretion over the successful completion of the Level V supervision portion of Defendant's sentence. The Court sees no need to question that grant of discretion in this case.

8.  After reviewing the Motion, sentence, and record in this case, the Court finds no just cause for sentence reduction. Defendant's sentence is appropriate for all the reasons stated at the time of sentencing. Accordingly, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:  Richard Barnett (SBI #00361805)

---

[7] *State v. Smith*, 2021 WL 416394, at *3 (Del. Super. Feb. 8, 2021).
[8] *State v. Cruz*, 2015 WL 3429939, at *2 (Del. Super. May 26, 2015).